UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ISAIAS RODRIGUEZ, | ) ) ) | |
| Petitioner, | ) ) | CIVIL ACTION |
| v. | ) ) | NO. 13-10970-TSH |
| CHRISTINE VERDINI | ) ) ) | |
| Respondent. | ) ) | |

**ORDER ON RESPONDENT'S MOTION TO DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS AS TIME-BARRED (Docket No. 19)**
**November 18, 2013**

HILLMAN, D.J.

Respondent Christine Verdini ("Respondent") asks the Court to dismiss the Petition for Writ of Habeas Corpus (Docket No. 1) filed by Isais Rodriguez ("Petitioner") in her Motion to Dismiss the Petition for Writ of Habeas Corpus as Time-Barred (Docket No. 19). Respondent claims that Petitioner did not file his petition within the one year statute of limitations as required by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). 28 U.S.C. § 2244(d). While Petitioner did not submit an opposition to Respondent's motion, he does address the statute of limitations in his Memorandum of Law (Docket No. 3) in support of his Petition for Writ of Habeas Corpus, acknowledging that he failed to file his petition within the limitations period but asking the Court not to dismiss the petition regardless.

On April 26, 2002, after a second trial, a jury found Petitioner guilty of two counts of rape by force of a child under 16, six counts of indecent assault and battery on a child under 14,

and two counts of indecent assault and battery on a person 14 or over. On June 25, 2004 the Massachusetts Appeals Court affirmed the convictions, and on September 30, 2004 the SJC denied further appellate review. On October 12, 2005 Petitioner filed a motion for a new trial. The trial judge denied the motion on October 19, 2005, the Massachusetts Appeals Court affirmed the denial on October 23, 2006, and the SJC denied further appellate review on February 1, 2007. Petitioner again filed motions for a new trial on April 2, 2008, January 14, 2010, March 31, 2011, and November 11, 2012. All of these motions were denied. Petitioner then filed his Petition for Writ of Habeas Corpus on April 22, 2013.

Under the AEDPA, there is a one year statute of limitations for filing a petition for writ of habeas corpus. 28 U.S.C. § 2244(d). The limitations period begins to run when the petitioner's conviction becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Here, Petitioner's conviction became final 90 days after September 30, 2004, the day the SJC denied further appellate review, when the time period for seeking certiorari expired. *See Clay v. U.S.*, 537 U.S. 522, 525 (2003) ("a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."). Petitioner had one year from this date, until December 29, 2005 to file a petition for writ of habeas corpus. He did not file his petition until April 22, 2013.

The AEDPA does provide for tolling of the statute of limitations during the time a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). A motion for a new trial will toll the statute of limitations. *Kholi v. Wall*, 582 F.3d 147, 153-54 (1st Cir. 2009) ("a motion for a new trial filed in the original case and heard by the trial judge is an appropriate mechanism for

tolling under section 2244(d)(2)").  When Petitioner filed his first motion for a new trial on October 12, 2005, 78 days remained before the limitations period ended. The motion tolled these remaining days until the SJC denied further appellate review on February 1, 2007, when the limitations period restarted. The 78 days passed, and the limitations period therefore expired, before Petitioner filed his second motion over a year later on April 2, 2008. While a motion for a new trial does toll the limitations period, it cannot revive an expired limitations period.  *Delaney v. Matesanz*, 264 F.3d 7, 11 (1st Cir. 2001) (noting that a motion for a new trial does toll the limitation period, but is of no help if the limitation period has already elapsed).  It is clear that the one-year statute of limitations expired well before Petitioner filed his Petition for Writ of Habeas Corpus.

Petitioner argues the Court should consider the merits of the petition even though he did not file it within the limitations period. In "exceptional circumstances" the statute of limitations for habeas corpus petitions "may be extended for equitable reasons." *Neverson v. Farquharson*, 366 F.3d 32, 40 (1st Cir. 2004); *see Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010).  Courts have noted that "equitable tolling should be invoked only 'sparingly.'" *Id*. at 42 (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95-96 (1990).  The party seeking to invoke equitable tolling bears the burden of showing a basis for it.  *Id*. at 41.

Petitioner has not met this burden. Petitioner does not point to any exceptional circumstances that would suggest the statute of limitation should be extended for equitable reasons. Indeed, Petitioner does not claim any special circumstances exist in his case, but argues instead that the requirements for those seeking to file petitions for writ of habeas corpus in general, such as exhaustion of state remedies, make it difficult for any petitioner to file his petition within the limitations period. This is not an exceptional circumstance, but the same

difficulty any petitioner faces. Equitable tolling would not be appropriate in this case; therefore the Petitioner failed to file his Petition for Writ of Habeas Corpus within the limitations period, and it should be dismissed.

IT IS HEREBY ORDERED THAT Respondents' Motion to Dismiss the Petition for Writ of Habeas Corpus (Docket No. 19) is ***granted.***

/s/ *Timothy S. Hillman*
TIMOTHY S. HILLMAN
DISTRICT JUDGE